**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-40037
Summary Calendar

WILLIAM E. CAMPBELL,

Plaintiff-Appellant,

VERSUS

TONY SMYTHE; BERNT WOMACK,

Defendants-Appellants.

Appeal from the United States District Court
For the Southern District of Texas

(G-97-CV-340)

September 11, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

William Campbell appeals the judgment rendered after a bench trial in his suit for copyright infringement under the Copyright Act, 17 U.S.C. § 101. et seq. Campbell argues that the magistrate judge erred in finding that he granted a nonexclusive license in

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

written work submitted as part of <u>The Texas Louisiana Coastal Cruising Guide</u> ("the Guide"). He further argues that even if he granted a nonexclusive license, such license was nontransferable from the original licensees to the defendants. We review the magistrate's findings of fact for clear error and questions of law de novo. *See Gebreyesus v. F.C. Schaffer & Assocs., Inc.*, 204 F.3d 639, 642 (5th Cir. 2000).

An individual may grant an oral or implied nonexclusive license in a copyrighted work. *See Lulirama Ltd., Inc. v. Axcess Broadcast Serv., Inc.*, 128 F.3d 872, 879 (5th Cir. 1997). "[A]n implied nonexclusive license arises when '(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes the particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work.'" *Id.* (quoting *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996). In this case, the owners of the corporation that published the Guide requested Campbell to submit his manuscript for publication. Campbell created the manuscript and sent it to the corporation without expressly limiting the use of his work in future publications. The corporation paid Campbell $2,000 for the manuscript. Based on these facts, we find that the magistrate judge had sufficient evidence to support the conclusion that Campbell granted a nonexclusive license.

2

We further conclude that the magistrate did not clearly err by determining that Campbell granted the nonexclusive license to the corporation rather than the individual owners of the corporation. Campbell has not challenged the court's determination that a nonexclusive license remains a corporate asset upon the sale of the corporation. We therefore decline to review the issue. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED